NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1864
_____

UNITED STATES OF AMERICA

v.

MIGUEL ALMANZAR FAMILIA,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 09-cr-00027)
District Judge:  Honorable Joseph E. Irenas
_____

Submitted Under Third Circuit LAR 34.1(a)
December 14, 2010

Before: RENDELL, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: December 16, 2010)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Miguel Almanzar Familia (Almanzar) appeals the judgment of sentence imposed

by the District Court following his plea of guilty pursuant to a plea agreement.  His

counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Almanzar declined to submit a pro se brief in response thereto. We will grant counsel's motion and affirm the judgment of the District Court.

I.

When counsel files a motion pursuant to *Anders*, we determine whether: (1) counsel adequately fulfilled the *Anders* requirements, and (2) an independent review of the record presents any nonfrivolous issues. *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).

To meet the first prong, appointed counsel must examine the record, conclude that there are no nonfrivolous issues for review, and request permission to withdraw. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Counsel must accompany a motion to withdraw with a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel need not raise and reject every possible claim, but must, at a minimum, meet the "conscientious examination" standard set forth in *Anders*. *Youla*, 241 F.3d at 300.

Almanzar's counsel filed a motion to withdraw along with an *Anders* brief in which he asserts there are no nonfrivolous issues for appeal because the District Court had jurisdiction, the guilty plea was valid, and the sentence was reasonable.

The District Court's jurisdiction is beyond question. Almanzar was charged with one count of conspiracy to distribute and possess with intent to distribute five kilograms

2

or more of cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii), in violation of 21 U.S.C. § 846. Because district courts have subject matter jurisdiction over all offenses against the laws of the United States under 18 U.S.C. § 3231, there is no viable issue as to the District Court's jurisdiction in this case.

The validity of a guilty plea turns on whether the plea was "knowing, voluntary and intelligent." *United States v. Tidwell*, 521 F.3d 236, 251 (3d Cir. 2008). A defendant challenging the voluntariness of his guilty plea must establish that the trial court failed to comply with the mandates of *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11(b). *See United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006). The District Court and the Government informed Almanzar through his translator of the charges against him, the rights he would be waiving by entering a guilty plea, and the ramifications of pleading guilty to the offense, including the nature of the Sentencing Guidelines. Almanzar was also asked a number of questions to establish his competency and fitness to plead guilty—including whether he was satisfied with and had been able to communicate with his court-appointed counsel—which he answered in the affirmative through his translator. Almanzar agreed that he had committed the acts outlined in the indictment and that his plea was voluntary. Accordingly, we find no appealable issue of merit as to the validity or voluntariness of Almanzar's guilty plea.

Finally, the reasonableness of Almanzar's sentence is also beyond dispute. We review a criminal sentence for reasonableness, evaluating both its procedural and

3

substantive underpinnings under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). In imposing a sentence, the District Court must: (1) correctly determine, as a matter of fact and as a matter of law, the proper Guidelines range; (2) correctly determine the applicability of any departure motions; and (3) exercise its discretion to determine the applicability of any of the relevant 18 U.S.C. § 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

The Guidelines imprisonment range of 87-108 months calculated by the Probation Office was disputed by Almanzar's counsel, who argued for a minor role adjustment pursuant to USSG § 3B1.2. Specifically, Almanzar sought a sentence comparable to that of one of his co-conspirators, who had accompanied Almanzar during the drug deal in question and who received the benefit of USSG § 3B1.2. But the District Court found that Almanzar's role was more significant than his co-conspirator's, because Almanzar was the essential contact between the seller and the true buyer, known only as "El Viejo," who entrusted the negotiations to Almanzar and supplied him the money to purchase the cocaine. Given Almanzar's conduct, his connection to El Viejo, and the differences between his role in the conspiracy and that of his co-conspirator, the District Court did not abuse its discretion in denying his request to apply the minor role adjustment. Thus, the District Court properly followed the first step of *Gunter*.

No departures were requested, so the District Court could not have violated the second step. The third step required the Court to make an individualized assessment and

4

consider all of the § 3553(a) factors in determining the final sentence. In imposing the 87–month sentence, the District Court reviewed the § 3553(a) factors extensively, clearly indicated its consideration of those factors, and imposed its sentence in light of those factors. In explaining its judgment, the District Court explicitly noted that: (1) Almanzar's health and immigration status were not so unusual as to warrant a variance; (2) there was no unwarranted sentencing disparity between his conviction and that of others convicted of the same crime, including his co-conspirator; (3) the offense of which he was convicted was very serious, with a mandatory minimum of 10 years; (4) Almanzar was a loyal family man with a good working history; and (5) he was suffering some economic pressures when he committed the offense, but they were not unusually great. The District Court then imposed a sentence of 87 months imprisonment, which was 33 months below the statutory minimum and at the bottom of the Guidelines range, because Almanzar qualified for the safety valve provision at 18 U.S.C. § 3553(f)(1)-(5). Accordingly, we find no appealable issue of merit as to Almanzar's sentence.

Having exhausted the possible avenues for meritorious appeal, we find that counsel's discussion of the reasons why no appealable issues exist meets the requirements of the first prong of *Anders*.

II.

As for the second prong of *Anders*, we have independently reviewed the record and we agree with counsel's comprehensive analysis as to why no appealable issue exists.

5

The District Court's analysis of Almanzar's prior crimes, his circumstances, and the goals of sentencing was more than adequate.

Accordingly, we will affirm the judgment of the District Court and, in a separate order, grant counsel's motion to withdraw pursuant to *Anders*.